UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Tatiana SKVORTSOVA, by next friend Zakhar Inker,<br><br>                              Petitioner,<br><br>v.<br><br>Pamela BONDI, et al.,<br><br>                              Respondents. | Case No.:  26-cv-0073-AGS-SBC<br><br>**ORDER DENYING REQUEST TO ACT AS NEXT FRIEND (ECF 1)** |

Petitioner Tatiana Skvortsova, through her brother Zakhar Inker, seeks a writ of habeas corpus under 28 U.S.C. § 2241 to free her from immigration detention. But Inker has not presented enough information to meet his burden to act as Skvortsova's "next friend," so his request must be denied. The petition is dismissed for lack of standing.

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by *someone acting in [her] behalf*." 28 U.S.C. § 2242 (emphasis added). But such "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). "In order to establish next-friend standing, the putative next friend must show: (1) that the petitioner is unable to litigate [her] own cause due to mental incapacity, lack of access to court, or other similar disability; and (2) the next friend has some significant relationship with, and is truly dedicated to the best interests of, the petitioner." *Coalition of Clergy, Laws., & Professors v. Bush*, 310 F.3d 1153, 1159–60 (9th Cir. 2002). Because it contravenes the normal concepts of Article III standing, the "burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court."  *Whitmore*, 495 U.S. at 164.

Inker's request falters at the first prong—petitioner's inability to litigate the case on her own. He doesn't offer any information suggesting that his sister is unable to litigate her own case. And the fact that she's detained does not alone suffice to meet this burden

1

because every habeas case involves garden-variety detention and restricted communication, as habeas petitions always involve petitioners who are in custody. *See generally* 28 U.S.C. §§ 2241 & 2242; *see also Dennis ex rel. Butko v. Budge*, 378 F.3d 880, 889 (9th Cir. 2004) ("The putative next friend must present meaningful evidence that petitioner is suffering from a mental disease, disorder, or defect that substantially affects his capacity to make an intelligent decision." (cleaned up)). Given the complete lack of evidence, the Court must deny the motion for Inker to litigate this action as a "next friend." *Cf. Florez Perez v. Bondi*, No. 25-cv-3820-AGS-MSB, 2026 WL 59785, at *1 (S.D. Cal. Jan. 7, 2026) (granting motion to act as next friend because of the petitioner's "limited English proficiency," which the next friend swore was "insufficient to understand or litigate federal habeas corpus procedure," and the petitioner had "no access to legal research tools, law library resources, or federal procedural materials" (cleaned up)).

Without next-friend authorization, Inker lacks standing to bring this suit, and it must be dismissed without prejudice. *See Pinson v. Blanckensee*, 834 F. App'x 427, 428 (9th Cir. 2021) (holding the "district court properly dismissed the action" because the putative next friend "failed to meet the requirements for next-friend standing under § 2242" and as "a non-attorney, cannot represent others in court"); *see also United States v. Shatswell*, No. 2:12-cr-00271-TLN-CKD-1, 2020 WL 529196, at *2 (E.D. Cal. Feb. 3, 2020) ("[W]hen the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition."), *report and recommendation adopted*, No. 2:12-cr-00271-TLN-CKD-1, 2020 WL 2216957 (E.D. Cal. May 7, 2020).

The Clerk is directed to close this case. But by **February 23, 2026**, Inker may file an updated motion to proceed as next friend or Skvortsova may file notice that she intends to pursue the petition in her own capacity. If either occurs, the Clerk will reopen the case.

2

Dated:  February 2, 2026

Hon. Andrew G. Schopler
United States District Judge

3