UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Tatiana SKVORTSOVA,

Petitioner,

v.

Christopher J. LaROSE,

Respondent.

Case No.:  26-cv-0073-AGS-SBC

**ORDER REQUIRING RETURN AND DENYING MOTION TO APPOINT COUNSEL (ECF 4)**

Unrepresented petitioner Tatiana Skvortsova seeks a writ of habeas corpus under 28 U.S.C. § 2241 to free her from immigration detention. She also requests appointment of counsel.

**SCREENING**

At the initial screening stage, her petition need only make out a claim that is sufficiently cognizable to warrant an answer or return. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id.*, Rule 1(b) (permitting application of Rules Governing Section 2254 Cases to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id.*

Since "November 20, 2024," Skvortsova has "been detained by [Immigration and Customs Enforcement]," and her "appeal of the immigration judge's denial of asylum" is "pending." (ECF 3, at 5.) She argues that her detention has become unconstitutionally "[p]rolonged" in violation of her "due process" rights. (*Id.* at 5–6.)

This challenge warrants an answer. Some courts have concluded that prolonged detention can violate due process even for those subject to mandatory detention under 8 U.S.C. § 1225(b). *See, e.g.*, *Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 772 (S.D. Cal. 2020)

1

("[T]he Court joins the majority of courts across the country in concluding that an unreasonably prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates due process.").

### MOTION TO APPOINT COUNSEL

Skvortsova also requests an appointed attorney. (*See* ECF 4.) Courts may appoint counsel for "impoverished habeas petitioner[s]" seeking relief under 28 U.S.C. § 2241 "[w]henever" "the interests of justice so require." *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984); *see* 18 U.S.C. § 3006A(a)(2)(B). In making this assessment, courts evaluate petitioners' "likelihood of success on the merits" and their "ability . . . to articulate [their] claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). But the Court need not look further than Skvortsova's ability to articulate her claims. She was able to clearly and cognizably communicate the legal claims in her amended petition and her request for counsel, so the Court sees no need to appoint an attorney at this stage. If circumstances change, the Court may reconsider this decision.

### CONCLUSION

Skvortsova's petition survives the required screening, but her request for counsel appointment is denied. By **March 9, 2026**, the government must file an answer. Any reply by the petitioner is due **March 16, 2026.**

Dated:  March 3, 2026

_____
Hon. Andrew G. Schopler
United States District Judge

2

26-cv-0073-AGS-SBC